```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------
KENDALL REID,

                Plaintiff,                      16 CV 4090(FB)(SMG)
-against-
                                                **AMENDED COMPLAINT**
THE CITY OF NEW YORK, Detective
Christopher Troisi, Shield # 4558,              **Jury Trial Demanded**
and NYPD POLICE OFFICERS JOHN DOES
NOS. 1, 2, 3, ETC., (whose identities
are unknown but who are known to be
personnel of the New York City Police
Department), all of whom are sued
individually and in their official
capacities,


                Defendants.
----------------------------------------
```

Plaintiff, KENDALL REID, by and through his attorney, AARON M. RUBIN, hereby alleges on information and belief:

1. Plaintiff bring this action to recover compensatory and punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 for violations of his civil rights under the United States Constitution caused by the conduct of Defendants.

2. Jurisdiction in this Court is established pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b)(2) because a

substantial part of the events giving rise to the claims herein occurred in Queens County.

4. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

5. Plaintiff is a 26-year old black male and citizen of the United States, and New York City resident.

6. Defendant Police Officers JOHN DOES NOS. 1, 2, 3, ETC., (hereinafter, "Defendant police officers") are employed by the New York City Police Department, (hereinafter, "NYPD") and acted under color of state law in the course and scope of their duties and functions as agents, employees and officers of Defendant CITY OF NEW YORK and the NYPD.

7. Defendant Christopher Troisi is a Detective in the NYPD and was assigned to be the arresting officer for the arrest of Plaintiff as described herein.

8. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. The CITY OF NEW YORK is authorized by law to maintain the NYPD, which acts as the City's agent in the area of law enforcement and for which it is ultimately responsible. The CITY OF NEW YORK assumes the risks incidental to the

maintenance of the NYPD, and the employment of its police officers. Additionally, the CITY OF NEW YORK was at all times relevant herein the public employer of Defendant police officers, who are being sued in both their individual and official capacities.

### STATEMENT OF FACTS

9. This action arises from the false arrest, unlawful imprisonment and malicious prosecution of Plaintiff by Defendants who, acting under color of state law, unlawfully detained, searched, arrested and caused the continued incarceration and prosecution of Plaintiff without justification or probable cause.

10. On or about September 3, 2015, at approximately 5:30 a.m., Plaintiff was present in apartment 6F in 2109 35th Avenue in Queens County.

11. At around that time, Defendant police officers, including Defendant Christopher Troisi, entered Apartment 6F.

12. Once inside Apartment 6F, Defendant police officers, including Defendant Christopher Troisi, detained, arrested and searched Plaintiff.

13. Defendant police officers did not have probable cause or any other legal justification to detain, arrest and search Plaintiff.

14. Plaintiff did not possess any contraband or commit any crime or offense.

15. Defendant police officers did not observe Plaintiff in possession of any contraband or committing any crime or offense.

16. Nevertheless, Defendant police officers seized, arrested and handcuffed Plaintiff and transported him to a police precinct in Queens County.

17. At the Precinct, Defendant police officers imprisoned Plaintiff in a holding cell.

18. At the Precinct, Defendant police officers fingerprinted Plaintiff and charged him with one or more crimes under the New York Penal Law.

19. Defendant police officers subsequently transported Plaintiff to the custody of the New York City Department of Corrections, where he was held in jail.

20. Defendant police officers provided sworn statements that were false to employees of the Queens County District Attorney's Office to initiate a criminal prosecution against Plaintiff.

21. Among other things, Defendant police officers provided sworn statements to prosecutors in the Queens County District Attorney's Office that they had observed Plaintiff commit one or more crimes and offenses.

22. These statements, among others, were false and Defendant police officers knew them to be false at the time they made them.

23. The statements by Defendant police officers to the Queens County District Attorney's Office also omitted material facts about the arrest of Plaintiff.

24. Defendant police officers provided false statements to prosecutors, and omitted material facts, in an attempt to cover up and justify the fact that they unlawfully arrested and charged Plaintiff with one or more crimes and offenses without probable cause or factual basis for a crime or offense that they knew he did not commit.

25. Defendant police officers provided these false statements and falsely arrested and imprisoned Plaintiff without probable cause in an attempt to use the criminal process to coerce and pressure Plaintiff to give them information to assist them in making arrests of other people.

26. Based upon the intentionally false statements by the Defendant police officers, members of the Queens County District Attorney's Office filed a criminal complaint, signed by Defendant Christopher Troisi, against Plaintiff under penalty of perjury, charging Plaintiff with one or more crimes and offenses.

27. Plaintiff was subsequently arraigned on the criminal court complaint.

28. The Queens County District Attorney's Office, based on the false statements and omissions by Defendant police officers, requested bail at Plaintiff's arraignment.

29. The Court set bail for Plaintiff.

30. Plaintiff was unable to pay the bail.

31. Plaintiff remained in prison until his release on or about October 13, 2015.

32. All crimes and offenses that were pending against Plaintiff as a result of his arrest by Defendant police officers were dismissed in and around January 12, 2016.

33. The conduct by the Defendants caused Plaintiff to suffer loss of liberty, emotional and psychological pain, embarrassment, humiliation, reputational harm, financial loss, and the deprivation of his Constitutional rights.

**PLAINTIFF'S FEDERAL CLAIMS
AGAINST DEFENDANT POLICE OFFICERS**

34. Plaintiff re-alleges and incorporates by reference the allegations set forth above.

35. In committing the acts and omissions complained of herein, Defendant police officers acted under color of state law to deprive Plaintiff of his rights under the First, Fourth and Fourteenth Amendments to the United States Constitution.

36. The conduct by Defendants was a direct and proximate cause of Plaintiff's false arrest, unlawful seizure, imprisonment and prosecution, and violations of his Constitutional rights, and constituted fabrication of evidence, malicious prosecution and abuse of process, in violation of 42 U.S.C. Section 1983.

## PLAINTIFF' FEDERAL CLAIMS AGAINST CITY OF NEW YORK

37. Plaintiff re-alleges and incorporates by reference the allegations set forth above.

38. The acts described herein by Defendant police officers were carried out in their capacities as police officers and officials pursuant to policies, procedures, regulations, practices, and customs implemented by the CITY OF NEW YORK and NYPD, and under the supervision of ranking officers of the NYPD.

39. Policymaking officials of the CITY OF NEW YORK implemented plainly inadequate policies, procedures,

regulations, practices, and customs, including but not limited to the following:  1) arresting persons known to be innocent in order to meet productivity goals; 2) falsely swearing out criminal complaints and lying and committing perjury during sworn testimony to protect other officers and meet productivity goals; 3) failing to supervise, train, instruct and discipline police officers thereby encouraging their misconduct and exhibiting deliberate indifference towards the constitutional rights of persons within the officers' jurisdiction; 4) discouraging police officers from reporting the corrupt or unlawful acts of other officers; 5) retaliating against officers who report police misconduct; and 6) failing to intervene to prevent the above-mentioned practices when they reasonably could have been prevented with proper supervision.

40.  At the time of the aforementioned constitutional violations, the CITY OF NEW YORK was on notice of such unconstitutional conduct, customs, and de facto policies, such that the failure of the CITY OF NEW YORK to take appropriate remedial action amounted to deliberate indifference to the constitutional rights of persons with whom the police came in contact.

41.  The CITY OF NEW YORK was on notice that its policies and customs caused constitutional violations.

42. This notice was evidenced by (1) the number of Civil Rights Lawsuits filed against it and its law enforcement officers, (2) the number of Notices of Claim ("NOC") filed against the City and its law enforcement officers and the City's inadequate responses to those NOCs, (3) the number of Complaints filed with the Civil Complaint Review Board ("CCRB") against the City's law enforcement officers, (4) City Council hearings, (5) newspaper reports, (6) criminal cases resulting in declined prosecutions and dismissals, and (7) judicial rulings suppressing evidence and finding officers incredible as a matter of law.

43. Pursuant to CITY OF NEW YORK policies, practices and customs, Defendants felt empowered to arrest Plaintiff without probable cause and then fabricate and swear to a false story to cover up their blatant violations of Plaintiff's constitutional rights.

44. Pursuant to CITY OF NEW YORK policies, practices and customs, Defendants failed to intervene or report Defendants' violations of Plaintiff's rights.

45. Plaintiff's injuries were a direct and proximate result of the CITY OF NEW YORK's wrongful policies, customs and practices.

46. As a result of the foregoing, Plaintiff was deprived of his liberty, endured psychological and

emotional injury, humiliation, costs and expenses and suffered other damages and injuries.

47. The aforesaid conduct by the CITY OF NEW YORK violated Plaintiff' rights under the United States Constitution.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands the following relief jointly and severally against all defendants:

(1) Compensatory damages in an amount to be determined by a jury at trial;

(2) Punitive damages in an amount to be determined by a jury at trial;

(3) The convening and empanelling of a jury to consider the merits of the claims herein;

(4) Costs, interest and attorney's fees;

(5) Such other and further relief as this court may deem just and proper.

Dated: New York, New York
       January 27, 2017

AARON M. RUBIN
*Attorney for Plaintiff*

_____s/_____
BY: Aaron M. Rubin, Esq.

9 East 40th Street, 11th Floor
New York, New York 10016
(212) 725-4600
aaron.m.rubin@gmail.com