UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
KENDALL REID,

              Plaintiff,

     -against-

THE CITY OF NEW YORK, Detective
Christopher Troisi, Shield # 4558, and
NYPD POLICE OFFICERS JOHN
DOES NOS. 1, 2, 3, ETC., (whose
identities are unknown but who are
known to be personnel of the
New York City Police Department), all
of whom are sued individually and in
their official capacities,

              Defendants.

--------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1: 16-cv-4090 (FB)(SMG)

*Appearances:*
*For the Plaintiff*:
AARON M. RUBIN, ESQ.
9 East 40th Street, 11th Floor
New York, New York 10016

*For the Defendants*:
ZACHARY W. CARTER, ESQ.
Corporation Counsel of the
City of New York
By: KARL JOSEPH ASHANTI, ESQ.
100 Church Street
New York, N.Y. 10007

**BLOCK, Senior District Judge:**

     Plaintiff Kendall Reid brings this civil rights action pursuant to 42 U.S.C.

§ 1983, alleging that he was falsely arrested by defendant Detective Troisi,

maliciously prosecuted because of that arrest, and suffered a malicious abuse of

1

process.[1]  The defendants move for summary judgment pursuant to Fed. R. Civ. P. 56.  For the reasons stated below, the defendants' motion is denied.

**I.**

The following facts, which are taken from the parties' Rule 56.1 statements and supporting documentation, are undisputed unless otherwise noted.  Where disputed, they are presented in the light most favorable to the plaintiffs.  *See, e.g,. Federal Ins. Co. v. American Home Assurance Co.*, 639 F.3d 557, 566 (2d Cir. 2011).

On the night of September 2, 2015, the plaintiff was being housed at the Wards Island secure facility as a condition of his parole, where he had a 10:00 p.m. curfew.  That night, he left the facility at 11:00 p.m. and traveled to an apartment at the Ravenswood Houses.  He had an arrangement with Rosemary Pinto, a resident there, wherein he would pay her to use her bedroom to entertain female companions.  Ms. Pinto lived there with roommates.  The plaintiff knew Ms. Pinto to be a drug user from her neighborhood reputation.  That night, he met a woman named Stacy at the apartment and had sex with her in Ms. Pinto's bedroom.

Early the following morning, September 3, 2015, at approximately 5:30 a.m., police executed a search warrant based on a prior narcotics investigation at Ms.

---

[1] The plaintiff's initial complaint also alleged municipal liability for his injuries, but he has voluntarily withdrawn that claim.

Pinto's apartment. Though the defendants claim that the plaintiff was the subject of the search warrant, according to the plaintiff he was not the subject of the search warrant because the subject was identified as "Ken Dog," and he does not go by that nickname.

Troisi entered one of the apartment's bedrooms, where he saw the plaintiff and Stacy in bed together. Troisi handcuffed and searched them. After confirmation that the apartment was cleared for safety, another police officer escorted the pair to the living room. Troisi then searched the apartment with his supervisor. In one bedroom, which the defendants claim was the bedroom in which Troisi found the plaintiff, Troisi found two Ziploc bags of marijuana and a scale with narcotics residue sitting on top of a dresser. Inside the dresser, Troisi found a box of glassine envelopes. The plaintiff never saw marijuana or a scale in Ms. Pinto's bedroom. While the plaintiff was still inside the apartment, one of the police officers told him that he was being arrested because he was on parole.

The criminal complaint charged the plaintiff with several drug and gun offenses. A superseding complaint removed the gun charges. Ultimately, the complaint was dismissed because it was legally insufficient: it did not specify that Troisi found the drugs and paraphernalia in the same bedroom where he found the plaintiff. Plaintiff timely commenced this action under Section 1983.

## II.

### A.  Procedural Standard

Summary judgment is appropriate when there is no genuine issue of material fact to be tried and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Once the moving party has carried its burden of demonstrating the absence of a genuine issue of material fact, *see Celotex*, 477 U.S. at 323, the opposing party "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586–87 (1986) (quoting Fed. R. Civ. P. 56(e)) (other citations omitted).

### B.  False Arrest

"A § 1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause, is substantially the same as a claim for false arrest under New York Law." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1994) (internal citations omitted).  In order to prove the elements of false arrest under New York law, a plaintiff must show: "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994).

"The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (internal quotation marks and citation omitted). "[W]hether or not probable cause existed may be determinable as a matter of law if there is no dispute as to the pertinent events and the knowledge of the officers." *Id.* (citation omitted). An officer has probable cause to arrest if he or she "has knowledge of, or reasonably trustworthy information as to, facts and circumstances sufficient to provide probable cause to believe that the person arrested has committed *any* crime." *Zellner v. Summerlin*, 494 F.3d 344, 369 (2d Cir. 2007) (emphasis added) (citation omitted).

Under New York law, "warrantless arrests by [police] officers for parole violations committed in their presence [are illegal] if the parole violation does not otherwise constitute a crime or offense." *United States v. Bernacet*, 724 F.3d 269, 275 (2d Cir. 2013).

Here, the defendants argue that, on the morning of the plaintiff's arrest, Troisi had probable cause to arrest the plaintiff because he: (1) found the plaintiff in a bedroom where he recovered two Ziploc bags full of marijuana; (2) found the plaintiff in a bedroom where he recovered a scale with cocaine and heroin residue; (3) found the plaintiff in a bedroom where he recovered a box full of stamped glassine envelopes; and (4) found the plaintiff at Ravenswood Houses at 5:30am

while the plaintiff was on parole and had a curfew of 10:00 p.m.  None of those reasons is sufficient to establish probable cause at the summary judgment phase.

The first three crimes that the defendants set forth all hinge on Troisi having found the marijuana, scale with drug residue, and glassine envelopes on or in a dresser in the same room where he found the plaintiff.[2]  In his deposition, Troisi stated that the dresser containing those items was in the same bedroom in which he found the plaintiff.  Specifically, he stated that the marijuana and the scale were out in the open, on top of the dresser, and that the glassine envelopes were in one of its drawers.  But the plaintiff stated in his deposition that he never saw marijuana or a scale in the bedroom.  Troisi's statement that the scales and marijuana were on top of the dresser and the plaintiff's statement that he did not see them are in direct contradiction.  That discrepancy creates a genuine issue of material fact sufficient to preclude a grant of summary judgment.

Nor is the defendants' final justification a valid source of probable cause.  The fact that Troisi knew that the plaintiff was violating his parole cannot be the basis of Troisi's probable cause to arrest the plaintiff because breaking curfew is a condition

---

[2] The defendants seem to argue, for the first time, in their reply brief that the plaintiff may have had constructive possession of the contraband even if Troisi found them in a dresser in a different bedroom.  They have, therefore, waived that argument. *Curto v. Med. World Commc'ns, Inc.*, 388 F. Supp. 2d 101, 109 n.2 (E.D.N.Y. 2005) (citing *Tischmann v. ITT/Sheraton Corp.,* 145 F.3d 561, 568 n.4 (2d Cir.1998)).

of parole, not an independent crime or offense. Accordingly, if that were the only reason for the arrest, it would have been an illegal arrest.

The defendants, therefore, have failed to establish as a matter of law that Troisi had probable cause to arrest the plaintiff, and they cannot establish that they are entitled to a grant of summary judgment on the plaintiff's false arrest claim.

## C. Malicious Prosecution

To sustain a § 1983 claim for malicious prosecution, "a plaintiff must demonstrate conduct by the defendant that is tortious under state law and that results in a constitutionally cognizable deprivation of liberty." *Kinzer v. Jackson*, 316 F.3d 139, 143 (2d Cir. 2003). Under New York law, the plaintiff must show: "(1) that the defendant commenced or continued a criminal proceeding against him; (2) that the proceeding was terminated in the plaintiff's favor; (3) that there was no probable cause for the proceeding; and (4) that the proceeding was instituted with malice." *Id.*

Here, the defendants are not entitled to a grant of summary judgment on the plaintiff's malicious prosecution claim. One of the elements of that claim is a lack of probable cause and, as explained above, there is a genuine issue of material fact as to probable cause for the plaintiff's arrest.

**D. Malicious Abuse of Process**

"As with malicious prosecution, we turn to state law to find the elements of the malicious abuse of process claim." *Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir. 1994) (citation omitted). "In New York, a malicious abuse-of-process claim lies against a defendant who (1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse o[r] justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." *Savino v. City of New York*, 331 F.3d 63, 76 (2d Cir. 2003) (internal quotation marks and citation omitted). "[I]t is not sufficient for a plaintiff to allege that the defendants were seeking to retaliate against him by pursuing his arrest and prosecution. Instead, he must claim that they aimed to achieve a collateral purpose beyond or in addition to his criminal prosecution." *Id.* at 77. Though several district courts, including the Eastern District of New York, have held that probable cause is a complete defense to an abuse of process claim, *e.g.*, *Hoyos v. City of New York*, 999 F. Supp. 2d 375, 391 (E.D.N.Y. 2013); *Sforza v. City of New York*, No. 07CIV6122DLC, 2009 WL 857496, at *17 (S.D.N.Y. Mar. 31, 2009), the matter has not yet been settled by the Second Circuit, *Mangino v. Inc. Vill. of Patchogue*, 808 F.3d 951, 959 (2d Cir. 2015).

Here, the plaintiff alleged in his complaint that the defendants arrested and imprisoned him to coerce him into giving them information that would assist them

in arresting others. We do not decide now whether probable cause would be a justification for an abuse of process because, in any event, there are still issues of fact as to whether there was probable cause and whether defendants had that improper, collateral purpose.

## E. Qualified Immunity

Under federal law, a police officer is entitled to qualified immunity from liability for his discretionary actions if "either (1) his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known, or (2) it was objectively reasonable for him to believe that his actions were lawful at the time of the challenged act." *Cerrone v. Brown*, 246 F.3d 194, 199 (2d Cir. 2001) (internal quotation marks and citations omitted). "An officer's determination [to arrest a suspect] is objectively reasonable if there was 'arguable' probable cause at the time of arrest – that is, if 'officers of reasonable competence could disagree on whether the probable cause test was met.'" *Jenkins v. City of New York*, 478 F.3d 76, 87 (2d Cir. 2007) (quoting *Lennon v. Miller*, 66 F.3d 416, 423–24 (2d Cir.1995)).

Here, the defendants have not established that they are entitled to qualified immunity. As explained above, it is illegal under New York law to arrest someone for violating their parole without a warrant unless the conduct is an independent offense. That law is clearly established, and the police officers reasonably would

have known of it.  Whether the defendants are entitled to qualified immunity hinges, then, on whether the drugs and paraphernalia were in the dresser in the bedroom where the plaintiff was sleeping.  As explained above, that is an issue of fact that cannot be resolved at the summary judgment stage.

## III

For the foregoing reasons, the defendants' motion for summary judgment is denied.

**IT IS SO ORDERED.**


/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

January 23, 2019
Brooklyn, New York