

**James E. Johnson**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**Maria Fernanda DeCastro**
*Senior Counsel*
phone: (212) 356-2658
fax: (212) 356-3559
email: mdecastr@law.nyc.gov

January 24, 2020

**BY ECF**
Honorable Rachel P. Kovner
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Kendall Reid v. City of New York, et al., 16-CV-4090 (RPK)(SMG)

Your Honor:

We are Senior Counsels in the Office of James E. Johnson, Corporation Counsel of the City of New York, representing defendant Detective Christopher Troisi in this action. Defendant writes in response to the Court's January 14, 2020, Order, directing the parties to submit letters outlining their arguments regarding the favorable termination element of plaintiff's malicious prosecution claim and the admissibility of the underlying criminal court transcripts ("Transcripts") in the upcoming trial.

### a) Plaintiff cannot establish the 'favorable termination' of criminal charges as the District Attorney dismissed charges on statutory speedy trial grounds

Under New York law, to establish a claim of malicious prosecution, a plaintiff must prove: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997). In addition to these state law elements, a malicious prosecution claim brought under § 1983 requires showing "a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." *Rohman v. New York City Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000). "[T]here must be a seizure or other 'perversion of proper legal procedures' implicating the claimant's personal liberty and privacy interests under the Fourth Amendment." *Washington v. County of Rockland*, 373 F.3d 310, 316 (2d Cir. 2004) (citing *Singer v. Fulton County Sheriff*, 63 F.3d 110, 117 (2d Cir. 1995)).

After defendant filed his motion for summary judgment in this matter, the Second Circuit, in *Lanning v. City of Glens Falls*, held that in order to establish the favorable termination element for a federal malicious prosecution claim, plaintiff must establish that the termination of the prosecution against him affirmatively indicated his innocence. 908 F.3d 19, 22 (2d Cir. 2018). As stated in *Lanning*, "[p]roceedings are 'terminated in favor of the accused' only when their final disposition is such as to indicate the accused is not guilty." *Id.* (quoting *Singleton v. New York*, 632 F.2d 185, 193 (2d Cir. 1980), and citing W. Page Keeton et al., Prosser & Keeton on the Law of Torts § 119, at 874 (5th ed. 1984) (termination is favorable if it "reflect[s] the merits and [is] not merely a procedural victory")). Pursuant to *Lanning*, therefore, a plaintiff must affirmatively show that the dismissal of the underlying criminal action constitutes favorable termination that indicates that the accused is not guilty.

Since *Lanning*, District Courts in this Circuit have split on whether or not express dismissal pursuant to C.P.L. § 30.30 constitutes a "favorable termination." *See e.g., Luna v. City of New York*, No. 18 Civ. 4636 (PAE), 2019 U.S. Dist. LEXIS 135376, *35 (S.D.N.Y. Aug. 9, 2019) (recognizing split and siding with the proposition that dismissal under § 30.30 still constitutes favorable termination); *Thompson v. City of New York*, No. 17 Civ. 3064 (DLC), 2019 U.S. Dist. LEXIS 4848, at *4 (S.D.N.Y. Jan. 10, 2019) (finding that "[t]he dismissal of [plaintiff's] case on speedy trial grounds does not affirmatively indicate his innocence, as required under Section 1983"); *Blount v. City of New York*, No. 15-CV-5599 (PKC) (JO), 2019 U.S. Dist. LEXIS 34969, 2019 WL 1050994, at *4-5 (E.D.N.Y Mar. 5, 2019) (finding favorable-termination element satisfied by such a dismissal; stating that while "Lanning may raise the bar for establishing favorable termination under § 1983 in certain cases, the dismissal of a prosecution on speedy trial grounds in this case easily clears that bar").

*Lanning* strongly suggests that plaintiff cannot simply cite to a dismissal under a legal provision (e.g., dismissal pursuant to C.P.L. § 30.30) to conclude that the dismissal was favorable. Rather, *Lanning* underscores that plaintiff needs to put forth proof that the dismissal was indicative of innocence rather than some "procedural victory." Here, the Transcripts do not satisfy this burden.

The Transcripts do not suggest that the dismissal of the plaintiff's underlying criminal matter is indicative of his innocence. At the January 12, 2016 court appearance in the criminal matter, a standing assistant district attorney ("ADA") made an oral application to dismiss charges on speedy trial grounds, "as 30.30 time has expired." Ex. 1 at P0074: 5. Nowhere in the Transcripts does the assigned ADA, or any ADA, make a statement that calls into question plaintiff's guilt. To the contrary, on October 13, 2015, a standing ADA represented that "We would still argue, for the record, we believe the statement[1] is sufficient for the purposes of facial sufficiency." Ex. 1 at P0050: 25—P0051: 2. Further, to the extent that plaintiff relies on

---

[1] Referring to a statement by plaintiff in the accusatory instruments, that, in substance, he had been staying at the location for about a month. For the Court's reference, a copy of the original criminal court complaint is attached as Ex. 2, and the superseding complaint is attached as Ex. 3.

the criminal court judges' statements as bearing on favorable termination, even those statements are equivocal. For instance, during a colloquy on the sufficiency of the accusatory instrument, on October 7, 2015, the Court stated "I'll give the People time to cure what I find is somewhat defective, <u>not that it's necessarily fatal</u>." Ex. 1 at P0047: 24-25 (emphasis added). Even on the date that the Court released plaintiff, the Court left open that "although technically it [the accusatory instrument] might in some universe be legally sufficient, I don't think so." Ex. 1 at P0055: 12-14. This evidence falls far short of indicating that plaintiff was innocent.

### b) The Transcripts are replete with hearsay and should be inadmissible at trial

The Transcripts are not relevant to any factual issue (only to the legal question of whether there was a favorable termination); they risk confusing the jury about the question to be resolved and standard to be applied; and they prejudice defendant as they are replete with hearsay, most concerning, statements by plaintiff's criminal defense concerning his views of the legal merits of the case. They should be precluded under FRE 402, 403 and 802.

The only conceivable purpose plaintiff may have for introducing the Transcripts into evidence is to offer the statements therein for the truth of the matter asserted; the Transcripts constitute inadmissible hearsay under Federal Rules of Evidence 801(c) and 802. *See Jean-Laurent v. Hennessy*, No. 05-CV-1155 (KAM) (LB), 2011 U.S. Dist. LEXIS 122767, at *81 (E.D.N.Y. 2011) (granting defendants' motion in limine and precluding introduction of deposition transcripts as hearsay that did not fall within any hearsay exceptions).

Plaintiff's criminal defense attorney repeatedly argues in the Transcripts that there is no legal nexus or theory of possession between plaintiff and the narcotics for which he was charged.[2] It would be improper, and would even violate "bedrock principles of evidence law" for this testimony to be before the jury as it speaks to the central issues in this case, including whether there was probable cause to arrest plaintiff. *Cameron v. City of New York*, 598 F.3d 50 (2d Cir. 2010) (vacating jury verdict where ADAs testified about defendants' credibility and as to their views of probable cause). This testimony within the Transcripts is unfairly prejudicial to defendant, as the speaker, who cannot be cross examined, has the imprimatur of an experienced criminal defense attorney.

---

[2] *See, e.g,* Ex. 1 at P0038: 21—P0039:4 (arguing that there is insufficient reason to believe plaintiff was in "constructive or physical or knowing possession of any of the items he's charged with"); P 0043: 21-24 ("the fact that he stayed at a place for a month even if true would not make him guilty of actual physical possession or constructive possession of everything.")

Thank you for your consideration of this matter.

Respectfully submitted,

*/s/ Kiran H. Rosenkilde*

KIRAN H. ROSENKILDE
MARIA F. DECASTRO
*Senior Counsels*
Special Federal Litigation Division

cc: Aaron Rubin, Esq. (By ECF)