# Aaron M. Rubin, Esq.

99 Wall Street Suite 1130
New York, NY 10005
212-725-4600
arubin@amresquire.com

January 24, 2020

*By ECF*
The Honorable Rachel P. Kovner
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: Reid v. City of New York, et al., 16-CV-4090 (RPK)

Dear Judge Kovner,

  I am counsel for Plaintiff and write in response to Defendant's letter (*ECF* 52) requesting to preclude the admission of the transcripts of Plaintiff's underlying criminal court proceedings.

  Defendant argues with the flawed premise that the underlying criminal case was terminated on the grounds of a C.P.L. § 30.30 dismissal and that Lanning therefore requires dismissal of Plaintiff's claim for malicious prosecution. Following Lanning, however, courts have found that "no single type of disposition is necessary or sufficient, but the termination must be measured in objective terms by examining the totality of the circumstances." Rosario v. City, 2019 U.S. Dist. LEXIS 159771, *11 (S.D.N.Y. 2019) (quoting Lanning); see also Hincapie v. City, 2020 U.S. Dist. LEXIS 10656 (S.D.N.Y. 2020).

  Here, a factual dispute for a jury exists at the very least as to the totality of circumstances that show a dismissal indicating Plaintiff's innocence in the underlying criminal case. The transcripts are directly relevant to proving that issue, as they are certified records of the Court's actions and the nature of the disposition of the criminal case. For instance, the transcripts show that the criminal charges were actually dismissed months before any reference to C.P.L. § 30.30, when on October 13, 2015, the criminal court found the complaint "legally insufficient" because of Defendant Troisi's failure to testify that the contraband in the apartment was recovered from the same room in which Plaintiff was arrested. (See e.g., Exhibit 1[1], transcript dated October 13, 2015, at 3:3 – 9:19)

---

[1] All references to exhibits herein are to those attached to Defendants' letter dated January 24 at *ECF* 52.

      Further, the transcripts are admissible as certified records of the underlying proceedings of the criminal court and nature of disposition of the criminal case against Plaintiff. Contrary to the Defendant's assertions of hearsay as a bar to the admission of the evidence, the transcripts are admissible as self-authenticating certified records of those proceedings, and Defendant does not (and cannot) dispute that those records are what actually transpired in criminal court.

Respectfully submitted,

*Aaron M. Rubin*

Aaron M. Rubin, Esq.